UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:24-cv-02540-SSS-DTBx | Date | January 15, 2026 |
|---|---|---|---|
| Title | Jean Harber v. FCA US, LLC et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER (1) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 20]; AND (2) DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 22]**

Before the Court is Defendant FCA US, LLC's motion for judgment on the pleadings ["Judgment Motion," Dkt. No. 20] and Plaintiff Jean Harber's motion for remand ["Remand Motion," Dkt. No. 22]. The Court finds these matters appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** Defendant's Judgment Motion and **DENIES** Plaintiff's Remand Motion.

## I.    BACKGROUND

On August 28, 2024, Plaintiff filed a complaint in the Superior Court of California, County of Riverside, against Defendant regarding the purchase of a 2016 RAM 1500. ["Complaint," Dkt. No. 1-1]. The Complaint alleges five causes of action: (1) violation of California Civil Code 1793.2(d); (2) violation of California Civil Code 1793.2(b); (3) violation of California Civil Code 1793.2(a)(3); (4) breach of implied warranty of merchantability; and (5) fraudulent inducement by concealment. [*Id.*]

On November 27, 2024, Defendant removed the civil action to this Court. [Dkt. No. 1].

On July 21, 2025, Defendant filed the Judgment Motion. On the same date, Defendant filed a request for judicial notice, asking the Court to take notice of five "boilerplate complaints filed by counsel for Plaintiff in various state courts across California." ["RFJN," Dkt. No. 21]. Plaintiff opposed the Judgment Motion. [Dkt. No. 23]. Defendant replied. [Dkt. No. 24].

On July 29, 2025, Plaintiff filed the Remand Motion. Defendant opposed the motion. [Dkt. No. 26]. Plaintiff replied. [Dkt. No. 28].

## II. FACTUAL ALLEGATIONS

On December 17, 2015, Plaintiff bought a 2016 RAM 1500 ("Subject Vehicle"). [Compl. ¶ 6]. Plaintiff does not allege from whom she bought the Subject Vehicle. Plaintiff alleges that through the purchase of the Subject Vehicle, she entered into a warranty contract with Defendant. [Compl. ¶ 6]. Plaintiff alleges the Subject Vehicle has a defective exhaust gas recirculation ("EGR") cooler. [*Id.* ¶ 14]. Plaintiff conclusively states Defendant "knew since prior to Plaintiff purchasing the Subject Vehicle, that the 2016 RAM 1500 vehicles equipped with the 3.0 liter engine have one or more defects in their EGR coolers[.]" [*Id.* ¶ 15]. Plaintiff alleges that Defendant failed to disclose the defect at the time of purchase. [*Id.* ¶ 17]. Plaintiff alleges Defendant has failed to replace the Subject Vehicle or pay Plaintiff restitution. [*Id.* ¶ 31].

## III. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are evaluated in a manner similar to Rule 12(b)(6) motions: "a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Downing v. SBE/Katsuya USA, LLC*, No. 2:21-cv-06058, 2022 WL 1016665, at *2 (C.D. Cal. Apr. 5, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

For Rule 12(c) purposes, the Court construes the facts in the light most favorable to the nonmoving party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802,

810 (9th Cir. 1988). The movant must clearly establish that no material issue of fact remains to be resolved. *Id.*

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion denying leave to amend when amendment would be futile).

B.   Discussion

   1. **Plaintiff's Song Beverly Claims are Barred by the Statute of Limitations (Claims 1–4)**

"The Song-Beverly Act does not include its own statute of limitations." *Mexia*, 174 Cal. App. 4th at 1305, 95 Cal.Rptr.3d 285. "California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under the Uniform Commercial Code: section 2725[.]" *Id.*

Uniform Commercial Code § 2725 provides in relevant part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered . . . .

(4) This section does not alter the law on tolling of the statute of limitations[.]

Cal. Com. Code § 2725(1)–(2), (4).

Here, Plaintiff purchased the Subject Vehicle on December 17, 2015. [Compl. ¶ 6]. Thus, the statute of limitations period closed on December 17, 2019. Plaintiff commenced this action on August 28, 2024, more than four years after the statute of limitations period. In her opposition, Plaintiff contends that tolling applies to her claims under the delayed discovery rule and fraudulent concealment. The Court disagrees for the following reasons.

California's discovery rule delays the accrual of a cause of action until a plaintiff either becomes aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence. *Rhynes v. Stryker Corp.*, 2011 WL 5117168, at *3 (N.D. Cal. Oct. 27, 2011) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). To rely on this rule, "a plaintiff must plead: (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808 (2005) (emphasis in original).

Plaintiff cannot benefit from the delayed discovery rule because she does not plead "the time and manner" when she discovered the EGR cooler defect, nor does she explain why she was unable to discover the defect during the statute of limitations period. Thus, the Court cannot hold as a matter of law that Plaintiff's claims accrued later than when she purchased the Subject Vehicle in 2015. For the same reasons, Plaintiff also fails to plead fraudulent concealment, discussed in further detail below. *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal 2010) ("Plaintiff has not pled the who, what, when, where, and how of the alleged fraudulent concealment.").

Accordingly, the Court **DISMISSES** Plaintiff's Song-Beverly claims (Claims 1–4) with leave to amend.

### 2. Plaintiff Fails to State a Claim for Fraudulent Concealment

Defendant argues Plaintiff has not pled a claim for fraudulent concealment with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

To state a claim for fraudulent concealment, Plaintiff must allege: (1) Defendant concealed a material fact; (2) Defendant was under a duty to disclose the fact to Plaintiff; (3) Defendant intentionally concealed the fact, with the intent to defraud Plaintiff; (4) Plaintiff was unaware of the fact and would not have acted

as it did if it had known of the concealed fact; and (5) resulting damages. *See Mktg. West, Inc. v. Sanyo Fisher Corp.*, 6 Cal. 4th 603, 612-13 (1992).  Moreover, the heightened pleading standard of Fed. R. Civ. P. 9(b) requires that these allegations be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged" so that the defendant can defend against the charges and not just deny any wrongdoing.  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

  As an initial matter, the Court acknowledges that it has already decided this issue on two nearly identical cases involving the same Defendant.  *See generally Meneses v. FCA US LLC*, No. 25-CV-1002, 2025 WL 2994998 (C.D. Cal. Oct. 3, 2025); *Payman Rahimian v. FCA US, LLC*, No. 24-CV-24-2406, 2025 WL 3718393 (C.D. Cal. Nov. 5, 2025).  The complaints in those cases are virtually identical to the one here, and Plaintiff's counsel repeats the allegations verbatim here, with the only difference being the Plaintiff's name, the vehicle, and the type of defect.[1]  The Court thus essentially adopts the reasoning from this prior case in ruling on this Motion with respect to the fraudulent inducement cause of action.

  When alleging fraud, a plaintiff must meet the higher pleading standard of Rule 9(b), which requires parties to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false."  *Vess*, 317 F.3d at 1106.  Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court.  *Id.* at 1103.

  Some of these heightened pleading requirements are somewhat relaxed in cases of fraudulent omission or concealment (as opposed to affirmative misrepresentation), but they are not totally excused.  *See, e.g., Asghari v. Volkswagen Grp. Of Am., Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. 2013) (claims of nondisclosure and omission are still subject to Rule 9(b)); *Tappana v. Am. Honda Motor Co.*, 609 F. Supp. 3d 1078, 1088 (C.D. Cal. 2022) (plaintiffs still must plead the content of the omission and where it should or could have been

---

[1] The Court takes judicial notice of the existence of similar complaints filed by Plaintiff's counsel in various state courts across California.  [Dkt. No. 21, Exs. A–E].

revealed); *Cho v. Hyundai Motor Co.*, 636 F. Supp. 3d 1149, 1165 (C.D. Cal. 2022) (similar).  Knowledge can be pled generally.  Fed. R. Civ. P. 9(b).

 Here, Plaintiff's vague and generic allegations do not meet this bar.  While Plaintiff is not expected to know and plead the mechanical details of an alleged defect, she must nonetheless "(1) identify the particular part or system affected by the defect, and (2) describe the problems allegedly caused by the defect."  *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1115 (C.D. Cal. 2021) (citation modified).  Plaintiff identifies the alleged defect only as the EGR cooler defect "that can result in thermal fatigue, leading the coolers to crack over time and leak coolant, which can cause combustion within the intake manifold and lead to a vehicle fire and sudden loss of power[.]"  [Compl. ¶ 15].  Plaintiff fails to identify which—if any—of these possible consequences the Subject Vehicle has actually experienced.  Plaintiff's allegations about the nature of the defect, therefore, lack concreteness.  *See Asghari*, 42 F. Supp. 3d at 1312, 1326 (allegations found sufficient where complaint specified that the engine is unable to utilize engine oil properly and consumes abnormally high amounts of oil); *Tappana*, 609 F. Supp. 3d at 1082, 1084, 1088 (finding sufficient allegations that sunroofs "spontaneously exploded" and detailed allegations about why); *Dubrosky v. Am. Honda Motor Co.*, No. 2:24-CV-9153, 2025 WL 2451031, at *3 (C.D. Cal. Aug. 13, 2025) (finding sufficient allegations that a problem with the polyurethane sealant allows water to infiltrate and causes the failure of the tailgate system and other secondary failures).

 As to *where* Defendant made representations about the Subject Vehicle in which it could and should have disclosed the defect, the Complaint includes only the generalized statement that Plaintiff "interacted with [Defendant's] sales representatives" and reviewed "materials disseminated by [Defendant] concerning [Defendant] Vehicles proper to the purchasing of the Subject Vehicle."  [Compl. ¶ 79].  This is insufficient.  The Complaint does not describe with any particularity what was said during the sales process, what Plaintiff relied on, who Plaintiff interacted with, or what advertising or marketing materials were viewed.  *See Cho*, 636 F. Supp. 3d at 1165 (finding sufficient allegations that plaintiffs reviewed the manufacturers' websites, reviewed "marketing and promotional materials available at the dealership," and saw Monroney stickers before purchase).

 Most lacking are the allegations addressing Defendant's knowledge of the defects.  Although knowledge can be "alleged generally" under Rule 9(b), Plaintiff's only allegations about Defendant's knowledge are still too vague and conclusory.  The Complaint alleges only, on information and belief, that Defendant knew the defect through pre-production testing data, consumer complaints made to Defendant and its network of dealers, aggregate warranty data compiled from

Defendant's network of dealers, testing Defendant conducted in response to complaints, and warranty repair and part replacements data received from Defendant's network of dealers.  [Compl. ¶ 76a].  This shotgun approach is insufficient.

Furthermore, Plaintiff makes these allegations based on "information and belief," which is only sufficient if she "has information leading [her] to believe that the allegations are true." *Doe v. City of Los Angeles*, 169 P.3d 559, 570 (2007) (citation omitted).  Here, Plaintiff pleads no specific facts that support why she thinks Defendant knew of the defect.  *C.f. Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1134 (N.D. Cal. 2010) (noting allegations were supported by specific data, including rates of return by customers, the frequency of replaced parts, defendant's acknowledgment of needed software modifications, and initiatives developed by defendant to track and address customer complaints).  Specifically, Plaintiff does not identify the nature of any pre-or post-production tests or what they might have revealed.  *Compare Wilson*, 668 F.3d at 1147 (faulting complaint for "not suggest[ing] *how* any tests or information could have alerted HP to the defect" (emphasis added)), *with Dubrosky*, 2025 WL 2451031, at *5 (finding sufficient allegations that Honda subjects body seams and seals to "rigorous long-distance durability testing").  The Complaint does not identify the number, date, or specific content of any consumer complaints.  *Compare Wilson*, 668 F.3d at 1147–48 (recognizing that some courts doubt that customer complaints are sufficient to support an inference of a defect and that in any case, "few" and "undated" complaints are not sufficient to do so), *with Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1026–28 (9th Cir. 2017) (allegations of "an unusually high number of complaints" and Yamaha's method of reviewing and transmitting them can be sufficient to allege knowledge).

Thus, the Court finds Plaintiff fails to state a claim for fraudulent concealment.  Accordingly, the Court **DISMISSES** Plaintiff's fifth claim with leave to amend.

## IV.    MOTION TO REMAND

### A.    Legal Standard

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in

controversy of more than $75,000. 28 U.S.C. § 1332; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)) (internal quotation marks omitted). Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). In contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)) (internal quotation marks omitted). Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. *Leite*, 749 F.3d at 1122.

**B.     Discussion**

Plaintiff moves to remand because "Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75,000." [Remand Mot. at 8].

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Further, "courts treat the Song-Beverly Act's civil penalties akin to punitive damages." *Gonzalez v. Ford Motor Co.*, No. 2:25-cv-00523-WLH-JPR, 2025 WL 1166056, at *5 (C.D. Cal. Apr. 21, 2025) (citation modified). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Id.* (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

Here, Plaintiff explicitly seeks relief in the form of "a civil penalty in the amount of two times Plaintiff's actual damages" in her Complaint. [Compl. at 14]. Accordingly, including civil penalties is proper in the amount in controversy. *See Gonzalez*, 2025 WL 1166056, at *5 (collecting cases for the proposition that there is "good reason" to include "civil penalties at an amount up to twice Plaintiff's actual damages" where "Plaintiff has explicitly sought" in the Complaint). Defendant estimates that the purchase price of the Subject Vehicle is $47,040. [Dkt. No. 1-4 ¶ 7]. Thus, at a minimum, a civil penalty of at least twice Plaintiffs' actual damages would be $94,080. Therefore, the Court finds the amount-in-controversy threshold is satisfied, and Defendant has met its burden for removal jurisdiction at this stage. Thus, Plaintiffs' Remand Motion is **DENIED**.

## V. CONCLUSION

The Court **GRANTS** Defendant's Judgment Motion. Accordingly, all of Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND**. However, the Court notes that Claims One, Two, Three, and Four will survive only if Plaintiff pleads facts demonstrating that her claims are tolled and thus are not barred by the statute of limitations. Plaintiff may file an amended complaint on or before **January 30, 2026**. Should Plaintiff choose to file an amended complaint, Plaintiff shall lodge as an exhibit a redlined version of the amended pleading indicating all additions and deletions of material. Plaintiff is warned that failure to comply with this order could result in sanctions, including dismissal of the claims with prejudice.

Lastly, the Court **DENIES** Plaintiff's Remand Motion.

**IT IS SO ORDERED.**